IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANA PLUMMER, INDIVIDUALLY and as SURVIVING PARENT OF MADYSON TAVIA PLUMMER, and RONALD K. PLUMMER, INDIVIDUALLY and as SURVIVING PARENT OF MADYSON TAVIA PLUMMER,<br>　　　Plaintiffs,<br><br>V.<br><br>TEXAS HEALTH HUGULEY, INC. d/b/a TEXAS HEALTH HUGULEY HOSPITAL FORT WORTH SOUTH, TEXAS HEALTH HUGULEY HOSPITAL FORT WORTH SOUTH, ADVENTIST HEALTH SYSTEM/SUNBELT, INC., ADVENTIST HEALTH SYSTEM/TEXAS, INC., ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, MAHMUDA NUSRAT FARHA AHMED, D.O., ADAM FLINK, M.D., ADAM FLINK, M.D., PLLC, KARI G. FRANO, D.O., KARI G. FRANO, D.O., P.A., HUGULEY MEDICAL ASSOCIATES, and HUGULEY EMERGENCY PHYSIICANS, L.L.P.,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>4:21-CV-01385-P |

---

**DEFENDANT MAHMUDA NUSRAT FARHA AHMED, D.O.'S RULE 12(B)(1) MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

---

## <u>TABLE OF CONTENTS</u>

Index of Authorities                                                          3

Motion to Dismiss                                                             5

Brief in Support                                                              5

I.      Factual Background                                                    5

II.     Analysis                                                              7

    A.      The Standard for Evaluating Subject Matter            7
        Jurisdiction Under Rule 12(b)(1)

    B.      Federal Jurisdiction Does Not Exist for the Plummers'  8
        Claims Against Dr. Ahmed

        1.      The Plummers Did Not Allege a Claim Within     8
            Federal-Question Jurisdiction Against Dr. Ahmed

        2.      The Parties Are Not Diverse, Depriving the Court of  9
            Diversity Jurisdiction

        3.      The Claims Against Dr. Ahmed Do Not Satisfy the  9
            Standard for Supplemental Jurisdiction

   C.  Conclusion – This Court Does Not Have Jurisdiction            14

III.    Prayer                                                               14

Certificate of Service                                                       16

## <u>INDEX OF AUTHORITIES</u>

**Cases**

*Allen v. Walmart Stores, L.L.C.*,                                              11
      907 F.3d 170 (5th Cir. 2018)

*Bella v. Davis*,                                                           10, 11
      531 Fed. Appx. 457 (5th Cir. 2012)

*Edionwe v. Bailey*,                                                            11
      860 F.3d 287 (5th Cir. 2017)

*Griener v. United States*,                                                      7
      900 F.3d 700 (5th Cir. 2018)

*Guzman v. Mem'l Hermann Hosp. Sys.*,                                          13
      637 F.Supp.2d (S.D. Tex. 2009)

*Holland/Blue Streak v. Barthelemy*,                                            8
      849 F.2d 987 (5th Cir. 1998)

*Home Builders Ass'n of Miss. v. City of Madison*,                              7
      143 F.3d 1006 (5th Cir. 1998)

*Jacquez v. Procunier*,                                                         11
      801 F.2d 789 (5th Cir. 1986)

*Morris v. Thompson*,                                                            7
      852 F.3d 416 (5th Cir. 2017, cert. denied)

*In re Ondova Ltd. v. Sherman*,                                                 11
      914 F.3d 990 (5th Cir, 2019)

*State Nat'l Ins. Co. v. Yates*,                                                10
      391 F.3d 577 (5th Cir. 2004)

*Venable v. La. Worker's Comp. Corp.*,                                        9, 10
      740 F.3d 937 (5th Cir. 2013)

**Statutes**

28 U.S.C. § 1331                                                                7, 8

28 U.S.C. § 1332(a)(1)                                                            7

28 U.S.C. § 1367(a)                                                              9

42 U.S.C. § 1395dd(c)(1)(A)                                                      12

42 U.S.C. § 1395dd(d)(2)(A)                                                      12

Fed. R. Civ. P. 12                                                          passim

## MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(1), Defendant Mahmuda Nusrat Farha Ahmed, D.O. moves to dismiss all of Plaintiffs' causes of action against her due to the Court's lack of subject matter jurisdiction. The Plummers allege acts of medical negligence arising from Defendant Mahmuda Nusrat Farha Ahmed, D.O.'s treatment of Madyson Tavia Plummer after her presentation to Texas Health Huguley on January 9, 2020. Medical negligence is a state-law claim. While the Plummers allege federal claims—violations of the Emergency Medical Treatment and Active Labor Act—against other Defendants on a different date, they do not allege that Dr. Ahmed violated that statute nor did her conduct violate that statute. Indeed, the Plummers never allege anyone violated EMTALA on January 9, 2020. Their only claims against Dr. Ahmed are state law claims over which this Court does not have jurisdiction. This Court lacks subject-matter jurisdiction over the Plummers' allegations against Dr. Ahmed and should dismiss those claims.

## BRIEF IN SUPPORT

### I.    Factual Background

The Plummers' claims stem from Ms. Plummer's separate presentations to Texas Health Huguley, Inc. ("Huguley Hospital"), occurring on January 9, 2020 and January 10, 2020. According to the Plummers' recitation of facts, Ms. Plummer underwent a laparoscopic sleeve gastrectomy on December 30, 2019, at a different facility. Doc. # 1, ¶ 23. She was released from that facility on December 31, 2019. *Id*. On the morning of January 9, 2020, while recovering at her parents' house, she began

to experience severe abdominal pain. *Id*. at ¶ 24. Her surgeon advised her to go to an emergency room, and her mother took her to Huguley Hospital. *Id*. Dr. Ahmed evaluated her for her complaint of pain with nausea and vomiting. *Id*.

Among other parts of Dr. Ahmed's Emergency Department evaluation, she ordered a CT scan of Ms. Plummer's abdomen/pelvis that showed no significant enhancement of the portal vein, splenic vein, and some superior mesenteric vein branches. *Id*. at ¶¶ 28-29. Dr. Ahmed provided the appropriate workup and treatment for the decedent's complaints of pain and nausea. At the end of her evaluation, she prescribed an antibiotic to treat a bladder infection. *Id*. ¶ 30. Dr. Ahmed did not see or treat Ms. Plummer on January 10, 2020.

On January 10, 2020, Ms. Plummer returned via ambulance to Huguley Hospital. *Id*. at ¶ 31. While in transport to the hospital, her heart stopped beating, and she became unresponsive. *Id*. The Emergency Department team at the hospital was able to restart her heart shortly after she arrived. *Id*. at ¶ 32. Additional radiology studies were obtained which showed that the decedent was experiencing acute internal bleeding in her upper abdomen around her spleen. *Id*. at ¶ 33. Defendant Adam Flink, M.D. consulted Defendant Kari G. Frano, D.O., the on-call surgeon, and a decision was made to transfer Ms. Plummer back to the facility where she originally underwent her prior bariatric surgery. *Id*. at ¶ 34-37. According to the Plummers, Dr. Flink allegedly failed to identify the risks and benefits of the transfer on the "Memorandum of Transfer" that he signed. *Id*. at ¶ 37; Doc. # 7-1, PageID # 96.

Later that morning, CareFlite transported Ms. Plummer to Texas Health Presbyterian, where she underwent surgery less than an hour after arrival. Doc. # 1, ¶¶ 38-39. Sometime after that procedure, Ms. Plummer was transferred to a third hospital, where she underwent an additional surgery and was kept on life support. *Id.* at ¶¶ 40-41. Unfortunately, she was later diagnosed with a severe anoxic brain injury with nuclear flow scans confirming brain death. *Id.* at ¶ 41. She was declared dead at 8:10 p.m. on January 14, 2020. *Id.*

## II.    Analysis

### A.    The Standard for Evaluating Subject Matter Jurisdiction under Rule 12(b)(1)

Dismissal under Rule 12(b)(1) is appropriate where the court "lacks the statutory or constitutional power to adjudicate the case." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018)(cleaned up). That is proper only when "the plaintiff cannot prove any sets of facts in support of [the] claim that would entitle…relief." *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(gendered language omitted or modified). Once challenged, "[t]he party asserting jurisdiction constantly bears the burden of proof that jurisdiction does in fact exist." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017, cert. denied)(cleaned up).

Generally, federal courts only have jurisdiction over claims "arising under the constitution, laws, or treaties of the United States" or claims "between…citizens of different states…" 28 U.S.C. §§ 1331 and 1332(a)(1). Invocation of a federal statute

or constitutional provision does not confer jurisdiction where that statute or provision "is clearly immaterial and is invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous." *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1998).

**B.    Federal Jurisdiction Does Not Exist for the Plummers' Claims Against Dr. Ahmed**

      **1.    The Plummers Did Not Allege a Claim Within Federal-Question Jurisdiction Against Dr. Ahmed**

The only federal question under 28 U.S.C. § 1331 involves the Plummers' EMTALA claims, but those are only asserted against Texas Health Huguley, Inc. d/b/a Texas Health Huguley Hospital Fort Worth South, Texas Health Huguley Hospital Fort Worth South, Adventist Health System/Sunbelt, Inc., Adventist Health System/Texas, Inc., and Adventist Health System Sunbelt Health System Sunbelt Healthcare Corporation. Doc. # 1, ¶¶ 43-56. The Plummers did not allege those claims against any other party, including Dr. Ahmed. *Id. See also id*. at ¶¶ 19-20, 64-69. Nor do the Plummers ever connect Dr. Ahmed's treatment of their daughter on January 9, 2020 to the alleged EMTALA violations on January 10, 2020. *See generally* Doc. # 1. In fact, they distinguish their EMTALA claims against Huguley Hospital from their negligence claims against Dr. Ahmed. *Id*. at ¶ 19 (stating "[t]his case concerns violations of [EMTALA] by [Huguley Hospital]…This case further concerns the negligent medical and health care that each of the Defendants provided to Madyson Plummer while she was at the Huguley Hospital emergency room on January 9, 2020 and January 10, 2020.").

The Plummers' remaining claims are state-law claims–medical negligence, wrongful death, survival claim, and exemplary damages against Dr. Ahmed and the other Defendants. *Id*. at ¶¶ 64-81, 90-96. Because that does not arise under the constitution, laws, or treaties of the United States, those claims do not raise a federal question. The Plummers' assertion of an EMTALA claim cannot confer federal jurisdiction against Dr. Ahmed very simply because the EMTALA claims do not apply to her.

## 2.     The Parties Are Not Diverse, Depriving the Court of Diversity Jurisdiction

That leaves potential diversity jurisdiction as a basis for this Court's jurisdiction. But, as alleged, most parties are citizens of the State of Texas. *Id*. at ¶¶ 1-14. That is particularly true for the Plummers and Dr. Ahmed. The Plummers are citizens of the State of Texas, which is also where they reside. *Id*. at ¶¶ 1-2. They also allege that, and Dr. Ahmed admits, Dr. Ahmed is a citizen of the State of Texas. *Id*. at ¶ 8. That deprives the Court of diversity jurisdiction.

## 3.     The Claims Against Dr. Ahmed Do Not Satisfy the Standard for Supplemental Jurisdiction

A district court has discretion to exercise supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "A claim forms part of the same case or controversy if the claim is so related to the original claims that it derives from a common nucleus of operative fact." *Venable v. La. Worker's Comp. Corp.*, 740 F.3d 937, 944 (5th Cir. 2013). Thus, a court properly

exercises supplemental jurisdiction where the federal and state claims arose from the same underlying event. *Bella v. Davis*, 531 Fed. Appx. 457, 459 (5th Cir. 2013)(determining all claims arose out of a student's fight at school and the surrounding events). Supplemental jurisdiction also exists where the federal and state claims were substantially related. *State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004)(determining that insurance coverage claims and misrepresentations and negligence against the agent for the sale of the policy at issue were the same case or controversy). But if the claims are attenuated, then supplemental jurisdiction does not exist. *Venable*, 740 F.3d at 944 (concluding that underlying torts with federal jurisdiction were unrelated to workers' compensation claim).

This Court does not have supplemental jurisdiction over the Plummers' medical negligence claim against Dr. Ahmed. That claim against Dr. Ahmed centers on her treatment of Ms. Plummer on January 9, 2020 and bears no relationship, let alone a substantial one, to whether Huguley Hospital violated EMTALA on January 10, 2020. Likewise, the alleged EMTALA violations on January 10, 2020, have no bearing, let alone a substantial relationship, on the Plummers' medical negligence claims against Dr. Ahmed. Moreover, none of the alleged facts of the federal-question claim have any relationship with the medical negligence claim against her. Namely, Dr. Ahmed's treatment of Ms. Plummer on January 9, 2020, has no connection to the alleged failure to identify the risks and benefits of transfer in the Memorandum of Transfer completed by Dr. Flink on January 10. 2020. Dr. Ahmed's treatment and

the alleged EMTALA violations occurred on two different days during two separate emergency department presentations that involve two separate fact patterns. As such, the medical negligence claims against Dr. Ahmed and EMTALA claims do not arise from the same underlying event. *Bella*, 531 Fed. Appx. at 459. The two events are not substantially related. The Plummers do not contend that Dr. Ahmed's treatment on January 9, 2020, somehow lead to or affected any EMTALA violations. Rather, they treat the two treatment periods as separate and distinct events.

Another problem with exercising supplemental jurisdiction is that the Plummers have not alleged an EMTALA violation. The Huguley Defendants have moved to dismiss that claim under Rule 12(b)(6) for failure to state a claim. Doc. # 7, pp. 5, 10-17. That dismissal motion is correct; the Plummers failed to state a claim for relief under EMTALA. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). The complaint must allow the court "to draw the reasonable inference that the defendant is liable." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018). Courts do not accept "a legal conclusion couched as a factual allegation." *In re Ondova Ltd. v. Sherman*, 914 F.3d 990, 993 (5th Cir. 2019). A plaintiff needs to allege a set of facts that shows the defendant participated in the alleged wrongs. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The factual allegations must not be naked assertions devoid of factual enhancement and must rise above speculation. *Allen*, 907 F.3d at 177.

As the Huguley Defendants argued, EMTALA states:

> Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action against the participating hospital, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate.

42 U.S.C. § 1395dd(d)(2)(A); Doc. # 6, p. 10. In order to state a claim upon which relief may be granted, the Plummers had to state facts which, if true, would show a violation of EMTALA that caused personal harm. *See* 42 U.S.C. § 1395dd(d)(2)(A). The Plummers' EMTALA allegations failed to do so.

The Plummers allege that Huguley Hospital violated EMTALA by failing to comply with any clauses in 42 U.S.C. § 1395dd(c)(1)(A)(requiring either a request in writing to transfer to another facility, a certification signed by a physician that the medical benefits reasonably expected upon transfer outweigh the increased risks to the individual, or a signed certification by a qualified medical person when a physician is not physically present at the time of transfer). Specifically, the Plummers allege that Dr. Flink's certification was deficient because it did not identify the risks and benefits of transfer. Doc. # 1, ¶ 52. However, the certification that Dr. Flink signed states

> Based on these reasonable risks and benefits to the individual and/or the unborn child(ren), and based upon the information available at the time of the individual's examination, the medical benefits reasonably expected from the provision of appropriated medical treatment at another medical facility outweigh the increased risks, if any, to the individual's medical condition from effecting the transfer.

Doc. # 7-1, p. 2. As explained by the Huguley Defendants, Dr. Flink's signed certification meets EMTALA's requirements. Doc. # 6, pp. 12-15. Even without determining the veracity of the Plummers' claims that the certificate was somehow deficient, that claim on its face deals with a technical deficiency. A technical deficiency alone does not amount to an EMTALA violation. *Guzman v. Mem'l Hermann Hosp. Sys.*, 637 F.Supp.2d 464, 513 (S.D. Tex. 2009). Thus, the Plummers failed to state a claim upon which relief may be granted, and dismissal is warranted under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

Even if the Plummers had pled facts to show a violation of EMTALA, they did not plead facts to show that the alleged violation caused the harm suffered, warranting dismissal. A civil action under EMTALA may only be brought when an individual "suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section." 42 U.S.C. § 1935dd(d)(2)(A).; Doc. # 6, p. 15. However, the Plummers did not allege that Ms. Plummer's death or any other damage was the direct result of Dr. Flink's alleged failure to check boxes on the Memorandum of Transfer. *See* Doc. 1, ¶ 52 (stating that Huguley Hospital violated EMTALA because "Dr. Flink signed a 'Memorandum of Transfer,' but never identified a single risk or benefit of such transfer"). Rather, the Plummers allege that the transfer itself caused a delay in surgery and led to Ms. Plummer's death. *Id*. at ¶ 53. The Plummers have pled no facts to show that the checking of boxes on the Memorandum of Transfer would have led to a different result. *See generally, id*. Consequently, the Plummers have not pled facts to show that their damages were the

"direct result" of an EMTALA violation, and the EMTALA cause of action must be dismissed for failure to state a claim upon which relief may be granted. *See* FED. R. CIV. P. 12(b)(6).

Dr. Ahmed incorporates the Huguley Defendants' dismissal motion by reference.

This Court should not exercise supplemental jurisdiction over the claims against Dr. Ahmed. Those claims are unrelated to the events that underlie the Plummers' EMTALA claims. And the Plummers have not properly alleged an EMTALA claim.

## C.     Conclusion – This Court Does Not Have Jurisdiction

This Court does not have federal question jurisdiction over the Plummers' state-law medical negligence claim against Dr. Ahmed. The parties are also not diverse, and thus, the Court does not have diversity jurisdiction over Plaintiffs' state-law medical negligence claim against Dr. Ahmed. Finally, Plaintiffs' claims with federal jurisdiction (the EMTALA claims) do not involve Dr. Ahmed and are unrelated to the claim asserted against her, depriving the Court of supplemental jurisdiction. The Plummers have not even properly alleged an EMTALA violation. This Court should, therefore, dismiss Plaintiffs' claims against Dr. Ahmed for want of jurisdiction. FED. R. CIV. P. 12(b)(1).

### III.    Prayer

Defendant Mahmuda Nusrat Farha Ahmed, D.O. prays that this Court dismiss Plaintiffs' claims against her for want of jurisdiction. She further prays that the Court tax costs against Plaintiffs and grant them such other relief to which she is entitled.

Respectfully submitted,

*/s/ Peter H. Anderson*
**Peter H. Anderson**
Texas Bar No. 00793262
panderson@katxlaw.com
**David M. Walsh IV**
Texas Bar No. 00791874
dwalsh@katxlaw.com
**Elizabeth Reed**
Texas Bar No. 24116945
ereed@katxlaw.com

**KERSHAW ANDERSON, PLLC**
12400 Coit Road, Suite 570
Dallas, Texas 75251
(214) 347-4993 – Telephone
(214) 615-7361 – Facsimile

**ATTORNEYS FOR DEFENDANT MAHMUDA NUSRAT FARHA AHMED, D.O.**

### Certificate of Service

I certify that on February 3, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to all case participants of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Peter H. Anderson*
**PETER H. ANDERSON**