IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DANA L. PLUMMER, INDIVIDUALLY and as SURVIVING PARENT OF MADYSON TAVIA PLUMMER, and RONALD K. PLUMMER, INDIVIDUALLY and as SURVIVING PARENT OF MADYSON TAVIA PLUMMER,<br>*Plaintiffs,*<br><br>v.<br><br>TEXAS HEALTH HUGULEY, INC., d/b/a TEXAS HEALTH HUGULEY HOSPITAL FORT WORTH SOUTH, TEXAS HEALTH HUGULEY HOSPITAL FORT WORTH SOUTH, ADVENTIST HEALTH SYSTEM/SUNBELT, INC., ADVENTIST HEALTH SYSTEM/TEXAS, INC., ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, MAHMUDA NUSRAT FARHA AHMED, DO, ADAM FLINK, MD ADAM FLINK, MD, PLLC, KARI G. FRANO, DO KARI G. FRANO, DO, PA, HUGULEY MEDICAL ASSOCIATES, and HUGULEY EMERGENCY PHYSICIANS, L.L.P.,<br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-01385-P<br><br><br><br><br>JURY TRIAL<br>REQUESTED |

## DEFENDANTS KARI G. FRANO, D.O. AND KARI G. FRANO, D.O., P.A.'S RULE 12(b)(1) AND PARTIAL RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COME NOW, Defendants KARI G. FRANO, D.O. and KARI G. FRANO, D.O., P.A. (hereinafter "Defendants" or "Dr. Frano"), by and through their counsel of record, and file this their Rule 12(b)(1) and Partial Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint and Brief in Support.

# I.
# INTRODUCTION AND SUMMARY OF MOTION

After the initial filing of several motions to dismiss [Docs. 6, 10, 13], Plaintiffs filed an Amended Complaint [Doc. 17] on February 14, 2022. On February 24, 2022, this Court denied the motions to dismiss as moot [Doc. 19]. Despite the amended substantive allegations, Plaintiffs' EMTALA claim has been challenged on Rule 12(b)(6) grounds by the Huguley Hospital Defendants [Doc. 20]. Accordingly, Dr. Frano files this Motion to Dismiss Plaintiffs' First Amended Complaint.

Supplemental jurisdiction over state-law negligence-based claims is the only means of subject matter jurisdiction that applies to Dr. Frano. Co-defendants have moved to dismiss the Emergency Medical Treatment and Active Labor Act (EMTALA) claim—the sole basis for federal question jurisdiction in this case; Plaintiffs do not allege an EMTALA claim against Dr. Frano. Should the Court dismiss the EMTALA claim, Dr. Frano requests that the Court dismiss the remaining claims as well for lack of subject matter jurisdiction.

Plaintiffs also assert legally barred claims for exemplary damages in connection with their wrongful death claim. Because these claims are prohibited by the Texas Constitution, Dr. Frano requests that the Court dismiss those claims in accordance with Rule 12(b)(6).

# II.
# FACTUAL BACKGROUND AND ALLEGATIONS

According to Plaintiffs' First Amended Complaint [Doc. 17], Plaintiffs' claims stem from Madyson Plummer's (the deceased) death after multiple visits to Huguley Hospital. After undergoing bariatric surgery at a different hospital in December 2019, the deceased sought treatment at Huguley Hospital's emergency department on January 9, 2020. Doc. 17 at 6-7.

Plaintiffs do not allege a physician-patient relationship between Dr. Frano and the deceased on January 9, 2020.

After release, the deceased later returned via ambulance on January 10, 2020, becoming unresponsive and experiencing a stopped heartbeat while en route. *Id.* at 7-8. Upon arrival at Huguley Hospital, her heart was restarted. *Id.* at 8. On January 10, 2020, Dr. Frano was not present at the hospital but was the surgeon on-call. *Id.* at 9.

After learning that the deceased was experiencing internal bleeding, the ER physician called Dr. Frano. *Id.* Dr. Frano is not a bariatric surgeon and does not have the medical expertise to address issues involving injuries to the spleen, which was a possible cause of the patient's bleeding. Dr. Frano was also not at the hospital and could not personally evaluate the patient quickly enough to prevent a delay in care. For these reasons, Dr. Frano "recommended that [the deceased] be transferred to another hospital" where surgical evaluation and action could be accomplished sooner. *See id.* After arriving at Texas Health Presbyterian and undergoing another surgery, the deceased was again transferred to a third hospital, where she underwent another surgery and was put on life support before being diagnosed with a severe brain injury and brain death. *Id.* at 9-10. At no point did Dr. Frano ever examine, evaluate, or treat the deceased.

### III.
### LEGAL STANDARD

**A.    Standard for dismissal under Rule 12(b)(1).**

If the Court determines "at any time that it lacks subject-matter jurisdiction, the Court should dismiss the action. Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Without jurisdiction the court cannot proceed at all in any cause. … [W]hen it ceases to exist, the only function remaining to the

court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "This is the first principle of federal jurisdiction." *Id.* (internal quotation marks omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted). When considering dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, the Court may consider:

1. The complaint alone;
2. The complaint supplemented by undisputed facts evidenced in the record; or
3. The complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001).

**B.** **Standard for dismissal under Rule 12(b)(6).**

A complaint that fails to provide enough facts on its face to state a plausible claim for relief warrants dismissal. Fed. R. Civ. P. 12(b)(6). Plaintiffs must allege sufficient facts to support a "plausible" and not merely "conceivable" claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). While the complaint need not contain detailed factual allegations, Plaintiffs must provide more than mere labels and conclusions; a formulaic recitation of the elements of a cause of action is insufficient. *Id.* at 555. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a complaint is insufficient if it merely contains "naked assertions" with no factual enhancement. *Id.* A

complaint must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

While the Court must accept allegations as true in the context of a motion to dismiss, this principle does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Instead, legal conclusions must be supported by factual allegations. *Id.*; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"). Further, courts "will not strain to find inferences favorable to the plaintiffs" and "will not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (internal quotation marks and citations omitted).

## IV.
## RULE 12(B)(1) MOTION TO DISMISS
## ARGUMENT AND AUTHORITIES

The only alleged basis for this Court's subject matter jurisdiction as to Dr. Frano is supplemental jurisdiction. *See* Plaintiffs' First Amended Complaint [Doc. 17] at 3-4. This supplemental jurisdiction depends entirely on Plaintiffs' EMTALA cause of action, asserted against Defendants Texas Health Huguley, Inc. d/b/a Texas Health Huguley Hospital Fort Worth South, Texas Health Huguley Hospital Fort Worth South, Adventist Health System/Sunbelt, Inc, Adventist Health System/Texas, Inc., and Adventist Health System Sunbelt Healthcare Corporation (together, "Huguley Hospital"). *Id.* at 3-4, 10-14. The Huguley Hospital Defendants and Huguley Medical Associates have moved to dismiss the EMTALA cause of action for failure to state a claim under Rule 12(b)(6). *See* Doc. 20. If the Court grants that Motion, then Dr. Frano requests that the Court grant her Rule 12(b)(1) Motion, as the Court would cease to have federal

question jurisdiction and the parties are not diverse. As such, this Court lacks subject matter jurisdiction over the remaining claims against the remaining defendants.

## A. There is no diversity jurisdiction in this action.

Plaintiffs do not allege that this Court has diversity jurisdiction. This is likely because most of the parties are citizens and residents of the State of Texas. *See* Plaintiffs' First Amended Complaint [Doc. 17] at 2-4. This is true for the Plaintiffs and Dr. Frano. *Id.* Thus, this Court's jurisdiction depends on the EMTALA claim for federal question jurisdiction and the resulting claim of supplemental jurisdiction.

## B. There is no federal question jurisdiction over claims asserted against Dr. Frano.

The only federal question involves Plaintiffs' EMTALA claims against the Huguley Hospital Defendants. Plaintiffs' First Amended Complaint [Doc. 17] at 10-14. The only claims asserted against Dr. Frano are ordinary state-law negligence-based claims and vicarious liability for Dr. Frano's acts. Plaintiffs' First Amended Complaint at 20-22. Plaintiffs take care to distinguish their EMTALA claims against the Huguley Hospital Defendants from their negligence claims against Dr. Frano. *Id.* at 5 ("This case concerns violations of [EMTALA] by [the Huguley Hospital Defendants].… This case further concerns the negligent medical and health care that each of the Defendants provided to Madyson Plummer while she was at the Huguley Hospital emergency room on January 9, 2020 and January 10, 2020."). Thus, only supplemental jurisdiction can apply to Dr. Frano.

## C. If there is neither diversity nor federal question jurisdiction, this Court should dismiss the remaining claims under Rule 12(b)(1).

If the EMTALA claim is dismissed, the claims against Dr. Frano (and the other defendants) should similarly be dismissed. The Fifth Circuit's "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v.*

*Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). This is especially true when the single federal-law claim is eliminated at an "early stage" of the litigation. *Id.*; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). If the EMTALA claim is dismissed, there is no justifiable reason for this Court to retain jurisdiction over the claims based in state law—the Texas state courts are more than equipped to handle such claims. Dr. Frano therefore moves this Court to dismiss Plaintiffs' claims if the Court grants the Huguley Hospital Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 20].

## V.
## RULE 12(B)(6) PARTIAL MOTION TO DISMISS ARGUMENT AND AUTHORITIES

If this Court decides not to dismiss the EMTALA claims and that it does have jurisdiction, Dr. Frano requests that the Court dismiss Plaintiffs' claim for legally barred damages. Plaintiffs seek punitive/exemplary damages in this wrongful death suit. *See* Plaintiffs' First Amended Complaint [Doc. 1] at ¶¶ XIV.91-94, 97, 101. But Plaintiffs' claims for exemplary damages are legally barred in wrongful death actions.

Article XVI, section 26 of the Constitution of the State of Texas, which governs the recovery of punitive damages in wrongful death actions, explicitly prohibits parents of decedents from recovering punitive damages on wrongful death claims. *See* Tex. Const. art. XVI, § 26. "It is well established that this provision defines the class of persons who are entitled to recover punitive damages for wrongful death; *parents of the deceased ... are not included* in article XVI, § 26 and are therefore unable to recover punitive damages." *Gen. Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993) (emphasis added) (citation omitted); *Greene v. Toyota Motor Corp.*, No. 3:11-CV-0207-N, 2012 WL 12884471, at *3 (N.D. Tex. Dec. 19, 2012). Plaintiffs' claims, as the

parents of the deceased Madyson Plummer, for such punitive and exemplary damages are therefore barred for their wrongful death claims.

To the extent Plaintiffs will contend that Civil Practice and Remedies Code Chapter 41 permits Plaintiffs to recover punitive damages, the Texas Supreme Court has already addressed the issue: "just as the Wrongful Death statute cannot expand upon the Constitution, neither can [Chapter 41]." *Gen. Chem. Corp.*, 852 S.W.2d at 923. This Court should dismiss Plaintiffs' wrongful death claims for punitive/exemplary damages.

## VI.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants KARI G. FRANO, D.O. and KARI G. FRANO. D.O., P.A. pray that should this Court grant the Huguley Hospital Defendants' Motion to Dismiss, and that this Court also dismiss Plaintiffs' claims against the Dr. Frano Defendants for lack of subject matter jurisdiction. If this Court determines that it does have jurisdiction, movants pray that the Court dismiss Plaintiffs' claims for exemplary damages in connection with their wrongful death claim, as same are legally barred by Texas law. Defendants also pray for such other and further relief, both at law and in equity, to which Defendants are justly entitled and the Court deems just and proper.

Respectfully submitted,

By: /s/ *Ken Patterson*
KEN PATTERSON
State Bar No. 15603250
ASHLEY E. MILLER
State Bar No. 24104348
ANDREW J. UPTON
State Bar No. 24101307

**MAYER, LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201

Telephone:  214-379-6900
Facsimile:  214-379-6939
Email: kpatterson@mayerllp.com
         amiller@mayerllp.com
         aupton@mayerllp.com

**ATTORNEYS FOR DEFENDANTS KARI G. FRANO, D.O. and KARI G. FRANO, D.O., P.A.**

### CERTIFICATE OF SERVICE

    I hereby certify that on March 10, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and that all parties requesting electronic notification have been notified by the Court.

/s/ *Ken Patterson*
Ken Patterson